IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL ADAM BUSH,

    Plaintiff,

      v.

    CIVIL ACTION FILE
    NO. 1:05-CV-2923-TWT

J. STEVEN CHEATWOOD, et al.,

    Defendants.

## ORDER

    This is one of a number of pro se civil actions filed by this Plaintiff.  It is before the Court on Plaintiff Samuel Adam Bush's Motion for Recusal [Doc. 7].  In one of the cases, the Plaintiff has filed a third party complaint naming me as a third party defendant.  He claims that I acted corruptly in another legal proceeding in which I dismissed a claim against Bankruptcy Judge Drake on grounds of judicial immunity.  This is the third time that the Plaintiff has sued a judge who has ruled against him in his numerous legal difficulties.  All of the suits are frivolous and have been or will be dismissed.   The Plaintiff now  contends in this motion that I cannot be impartial in this case because I am  named as a third party defendant in a pending civil action against the Plaintiff.

T:\ORDERS\05\Bush\05cv2923\mrecusetwt.wpd

Two statutes, 28 U.S.C. §§ 144 and 455, govern recusal.  Under section 144, a party must file "a timely and sufficient affidavit" complaining of a trial judge's personal bias.  United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004).  A judge is not required to recuse automatically merely because a party files an affidavit. Davis v. Board of School Com'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir. 1975) (citing Berger v. United States, 255 U.S. 22 (1921)). He should first make an inquiry as to the legal sufficiency of the matters alleged.  Id.  This statute is inapplicable here, however, because the Plaintiff has not submitted an affidavit.

Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C.A.  § 455(a), or where he "has personal bias or prejudice concerning a party." Id. at 455(b)(1).  The relevant inquiry is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Berger, 375 F.3d at 1227 (quoting United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (cert. denied, 540 U.S. 1149 (2004)). "To disqualify a judge under § 455(a), the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" Id. (quoting United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999)).  A judge is not required to recuse himself merely because a

party files suit against him.  In re Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993); United States v. Watson, 1 F.3d 733, 735 (8th Cir. 1993); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977); Robinson v. Giavasis, No. 96-MC-00396, slip op. at 1 (6th Cir. March 21, 1997).

In support his claim of judicial bias, the Plaintiff has presented no evidence other than the existence of his separate lawsuit against me.  Nor has he identified any extrajudicial acts by this Court that demonstrate pervasive bias and prejudice against him.  He merely claims that this Court "is not honest, does not have the necessary honesty or legal ethics to rule fairly" and "is not competent or intelligent enough to be a valid judge" in this case.  (Pl.'s Mot. For Recusal, at 1-2.)  The grounds for his motion thus appear to rest solely on the claim that because he has sued a judge, that judge must now be biased against him. Granting a motion to recuse in these circumstances would mean that a litigious pro se party such as the Plaintiff  would have an effective means to manipulate and needlessly delay the judicial process.  See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (concluding that section 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice").  The Court finds that this motion is without merit. Therefore, the Plaintiff's Motion for Recusal [Doc. 7] is DENIED.

SO ORDERED, this 22 day of December, 2005.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge