IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL ADAM BUSH,

   Plaintiff,

    v.

J. STEVEN CHEATWOOD, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-2923-TWT

ORDER

This is a *pro se* civil action. It is before the Court on Defendant J. Steven Cheatwood's Motion to Dismiss [Doc. 8] and Defendants Louis Levenson, Susan Barnes, Tonia Bragg and the Magistrate Court of Fulton County's Motion to Dismiss [Doc. 10]. For the reasons set forth below, the Defendants' motions are GRANTED.

I. BACKGROUND

This case arises out of a mortgage holder's attempt to foreclose upon the Plaintiff's residence. The Plaintiff, Samuel Adam Bush, originally obtained a loan pursuant to a Deed to Secure Debt of his home located at 812 East Morningside Drive, Atlanta, Georgia. Pursuant to the power of sale contained within the Deed to Secure Debt, Washington Mutual Bank, FA ("WaMu") conducted a foreclosure sale of the property on August 3, 2004. As the highest bidder, WaMu purchased the property for

$714,000.00. However, the Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code a few hours before the purchase, placing an automatic stay on the sale. On October 6, 2004, the Bankruptcy Court granted WaMu's motion to annul the automatic stay and validate the foreclosure sale. The court also dismissed the Plaintiff's Chapter 13 bankruptcy filing because he had failed to attend the required meeting with creditors, failed to file the required schedules, made no payments to the Chapter 13 trustee, and because the Plaintiff's past filing history indicated that his case may have been filed in bad faith.

Following the dismissal of the bankruptcy proceeding, WaMu's attorneys sent the file to Defendant J. Steven Cheatwood, Esq., to make a court appearance and handle the dispossessory action. A dispossessory proceeding was scheduled for November 30, 2004, but Mr. Bush filed a Notice of Removal to this Court on November 29, the effect of which allowed him to remain in possession of the property. On January 27, 2005, this Court ruled that it lacked subject matter jurisdiction and granted WaMu's Motion to Remand back to the Magistrate Court of Fulton County. Following Mr. Bush's appeal, the Eleventh Circuit dismissed for lack of jurisdiction. On March 24, 2005, the Magistrate Court of Fulton County heard the dispossessory action and rendered judgment on behalf of WaMu, providing for a writ of possession to issue on March 31, 2005. The Plaintiff then appealed to the Fulton

County Superior Court, again filed for bankruptcy, and removed the action to federal court for the second time.[1]

On April 26, 2005, Defendant Cheatwood prepared and filed in the Magistrate Court of Fulton County a Motion to Compel the Payment of Rent into Court pursuant to O.C.G.A. § 44-7-56. The motion was set to be heard on May 5, 2005, pursuant to a Rule Nisi issued by the clerk of court. On that day, however, the motion was stayed as a result of the Plaintiff's filing of another bankruptcy petition. Following an order from the Bankruptcy Court and remand by this Court, the Clerk of the Magistrate Court of Fulton County, pursuant to Defendant Cheatwood's request, issued a Rule Nisi notice and set a hearing date for WaMu's Motion to Compel the Payment of Rent into Court for November 22, 2005. A copy of this notice was served upon the Plaintiff and the hearing was thereafter reset for November 29, 2005. On the assigned date, after hearing evidence and argument, the Magistrate Court entered an order holding that the Plaintiff was a tenant at sufferance and providing for the payment of rent into court or a writ of possession to issue.

The Plaintiff has now filed this lawsuit against Defendants Cheatwood, the Magistrate Court of Fulton County, Part-Time Magistrate Court Judge Louis

---

[1] On September 26, 2005, this Court remanded the action and ordered that any subsequent removal actions by the Plaintiff be accompanied by a $10,000 cash bond or corporate surety bond.

Levenson, Magistrate Court Chief Deputy Clerk Susan Barnes, and Magistrate Court Deputy Clerk Tonia Bragg. He alleges that these Defendants are liable pursuant to 42 U.S.C. § 1981 for violating his civil rights. All of the Defendants have filed motions to dismiss.

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

## III. DISCUSSION

### A. Lack of Jurisdiction

Normally, if a complaint seeks relief under the Constitution or the laws of the United States, dismissal under Rule 12 of the Federal Rules of Civil Procedure must be for failure to state a claim under 12(b)(6).  Marine Coatings of Alabama, Inc. v. U.S., 792 F.2d 1565, 1567 n.6 (11th Cir. 1986).  However, a dismissal for lack of jurisdiction under 12(b)(1) is appropriate where the "alleged claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction...'"  Id. at 1567 n.6 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  This is such a case.  The Plaintiff has persistently sought to avoid the resolution of this dispute over his property, and this latest federal lawsuit clearly appears to be nothing more than an attempt to bypass the requirement that he post a $10,000.00 bond before seeking removal.  See Washington Mutual Bank v. Bush, Civil Action File No. 1:05-CV-2109 (N.D. Ga. Sept. 28, 2005).  Defendant Cheatwood filed, and the Magistrate Court granted, a motion to compel payment of rent pursuant to O.C.G.A. § 44-7-56.  The Plaintiff's citation to section 1981 and any other relevant federal law does not establish the Court's jurisdiction over this claim.  The Plaintiff's claim against all Defendants is dismissed for lack of subject matter jurisdiction.

B. <u>Failure to State a Claim</u>

Assuming arguendo that the Plaintiff could establish jurisdiction, this claim still does not survive a 12(b)(6) motion. The Plaintiff brings his claim under 42 U.S.C. § 1981, which states in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory <u>to make and enforce contracts</u>, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(emphasis added). "[T]he term 'make and enforce contracts' includes...the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." <u>Id.</u> at § 1981(b). Therefore, claims brought under section 1981 "must initially identify an impaired 'contractual relationship.'" <u>Domino's Pizza, Inc. v. McDonald</u>, 126 S. Ct. 1246, 1249 (2006). Here, the Plaintiff has failed to state a claim under section 1981 because he has not identified a contractual relationship that was impaired by the Magistrate Court's ruling. He has further failed to allege how race was a factor in any action or inaction taken by any of the named Defendants.

The Court further notes that, in the Plaintiff's complaint, he cites as grounds for relief "1981 et. seq." and "all other statutes and laws which entitle Plaintiff to relief." (Sec. Am. Compl, ¶ 3.) Thus, in an abundance of caution, this Court will discuss the

possibility that the Plaintiff's complaint also included a section 1983 claim against these Defendants.[2]

### 1. Defendants Levenson, Barnes and Bragg

The Court finds that Judge Levenson and the court officers are immune from this lawsuit.  First, it is "well-established" that judges are immune from damages "for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386 U.S. 547, 554 (1967).  The Supreme Court more recently clarified that a judge's immunity is "an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  A plaintiff may overcome judicial immunity only by showing that the judge either engaged in non-judicial actions or took actions where he had no jurisdiction.  Id.  The Plaintiff argues that once the case was appealed to the Superior Court of Fulton County, Judge Levenson did not have the legal authority to conduct any further legal proceedings in the case.  This is untrue.  O.C.G.A. § 44-7-56 specifically provides that where the tenant appeals a dispossessory order, "the court may upon motion of the landlord and upon good cause shown order the tenant to pay into the registry of the court all sums found by the trial court to be due for rent in

---

[2]The Plaintiff's only explicit indication that he intended to include a 1983 claim is on page 8 of his response brief, where he states: "Although there were no injunctions against common-law judges, there is a common-law parallel to the § 1983 injunction at issue here."  (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 8.)

order to remain in possession of the premises." This statute applies equally to debtors and the creditors who purchase their property at foreclosure. See Hill v. Filsoof, 274 Ga. App. 474, 477 (2005). Judge Levenson was thus fully within in his jurisdiction to hear evidence concerning WaMu's Motion to Compel the Payment of Rent to Court and to grant the relief requested. Judge Levenson is immune from this lawsuit.

As to Magistrate Court Clerks Barnes and Bragg, in the Eleventh Circuit, when a court clerk "performs a function normally handled by a judge, he falls within this circuit's narrow extension of absolute judicial immunity." Scott v. Dixon, 720 F.2d 1542, 1546 (11th Cir. 1983). In issuing the Rule Nisi, Defendants Barnes and Bragg were acting on behalf of Magistrate Judge Levenson. These Defendants are thus also immune and must be dismissed.

2. Magistrate Court of Fulton County

Eleventh Amendment immunity bars suits in federal court against state agents and state instrumentalities. Regents of the Univ. of Ca. v. Doe, 519 U.S. 425, 429 (1997). A state instrumentality is entitled to Eleventh Amendment immunity when the nature of the entity is such that it should be treated as an "arm of the state" and recovery of money against that entity is, in essence, a recovery against the state. Id. at 429-30; see Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). The Eleventh Circuit has explicitly held that Eleventh Amendment immunity

applies to state courts.  Kaimowitz v. The Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993).  Therefore, the Magistrate Court of Fulton County is also immune from this lawsuit.

### 3.  Defendant Cheatwood

The Plaintiff has similarly failed to state a claim against Defendant Cheatwood, the attorney who sought the Rule Nisi.  In his complaint, the Plaintiff alleges that Mr. Cheatwood "illegally induced Tonia Bragg...to accept and legally execute a Rule NISI legal pleading in the case, knowing that he had no legal or lawful authority to file the same."  (Sec. Am. Compl., ¶ 4.)  The Plaintiff thus appears to be bringing a due process claim.  To demonstrate a violation of procedural due process under 42 U.S.C. § 1983, a plaintiff must prove (1) that some person deprived him of a federal right and (2) that the person who deprived him of that right acted under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  In order to prove such a claim, the Plaintiff must show that Mr. Cheatwood, a non-state actor, was "a willful participant in joint action with the State or its agents."  Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)).  Under this standard "[f]or purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons."  Id.  Purely conclusory allegations

are insufficient. Id.  Here, the Plaintiff's complaint fails to allege any facts sufficient to show a conspiracy such that Mr. Cheatwood was transformed into a state actor. Thus, this complaint must also be dismissed against Defendant Cheatwood for failing to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, Defendant J. Steven Cheatwood's Motion to Dismiss [Doc. 8] and Defendants Louis Levenson, Susan Barnes, Tonia Bragg and the Magistrate Court of Fulton County's Motion to Dismiss [Doc. 10] are GRANTED.

SO ORDERED, this 16 day of May, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge